## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

BARRY AHURUONYE,
　　　　　　Appellant,

　　　　v.

DEPARTMENT OF THE INTERIOR,
　　　　　　Agency.

DOCKET NUMBER
DC-531D-15-0242-I-1

DATE: June 29, 2015

# THIS ORDER IS NONPRECEDENTIAL[1]

Barry Ahuruonye, Hyattsville, Maryland, pro se.

Josh C. Hildreth, Esquire, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his appeal of the agency action denying his within-grade increase (WIGI) for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, REVERSE the initial decision, and REMAND the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

case to the Washington Regional Office for further adjudication in accordance with this Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 The appellant is a Grants Management Specialist, GS-12, step 3. Initial Appeal File (IAF), Tab 21 at 61. On November 28, 2014, the agency issued him a performance appraisal for Fiscal Year 2014, rating his overall performance as unsatisfactory. *Id.* at 22. On December 11, 2014, he filed an appeal with the Board asserting that the agency denied him a WIGI because he was due to receive a WIGI to step 4 by December 2, 2014, and he had not yet received any increase in pay. IAF, Tab 1 at 5, Tab 36 at 4. He raised an affirmative defense of whistleblower reprisal and declined a hearing. IAF, Tab 1 at 2, 5, Tab 15 at 3.

¶3 On January 8, 2015, the agency moved to dismiss the appeal on the ground that it was premature because the agency "ha[d] not yet made a determination regarding Appellant's level of competence." IAF, Tab 5 at 4-6. It asserted that it was not required to make such a determination until May 23, 2015, because its last determination that the appellant was not performing at an acceptable level of competence (ALOC) occurred on May 23, 2014. *Id.* at 4.

¶4 Then, on January 20, 2015, while the appeal was still pending below, the appellant's supervisor emailed him a letter "officially notify[ing]" him that his WIGI to step 4 was denied.[2] IAF, Tab 21 at 63. The letter advised the appellant of his right to request reconsideration of the decision within 15 days of his receipt of the notice. *Id.* The appellant responded on January 21, 2015, acknowledging receipt of the email and stating, "this matter is being appealed at MSPB." *Id.* at 64. He took no further action to request reconsideration of the WIGI denial.

---

[2] On review, the appellant appears to assert that the administrative judge ordered the agency to issue him a WIGI denial letter. *See* Petition for Review (PFR) File, Tab 1 at 13. There is no such evidence in the record.

*See id.* at 65. Thus, in its March 5, 2015 close of record submission,[3] the agency moved to dismiss the appeal on the ground that the Board lacked jurisdiction over the appeal because the appellant failed to seek reconsideration of the January 20, 2015 denial notice. *Id.* at 4-7.

¶5 The administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 39, Initial Decision (ID). She found that the appeal was prematurely filed, but that it ripened while pending. ID at 1. She concluded, however, that the Board lacked jurisdiction over the appeal because the appellant failed to show that he requested reconsideration of the January 20, 2015 WIGI denial notice. ID at 2-3.

¶6 The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. He argues that, as of December 2, 2014, the agency had effectively denied his WIGI because he did not receive an increase in pay; and that the agency acted improperly by issuing the denial notice on January 20, 2015, rather than notifying him in advance of its decision to deny his WIGI. *Id.* at 11-13. The agency has filed a response, and the appellant has filed a reply.[4] PFR File, Tabs 3-4.

---

[3] The appellant argues that the administrative judge should not have permitted the agency to raise the issue of jurisdiction in its close of record submission because the agency failed to timely raise an objection regarding jurisdiction in response to the prehearing conference summary. PFR File, Tab 1 at 5, 10. We discern no error because the issue of jurisdiction is always before the Board and may be raised by either party or sua sponte by the Board at any time. *Poole v. Department of the Army*, 117 M.S.P.R. 516, ¶ 9 (2012).

[4] The appellant also asserts that the administrative judge erred by denying his motion to compel the agency to produce the documentation, which he contends would have shown the actual date of the WIGI denial. PFR File, Tab 1 at 5. We find that this issue is now moot in light of our finding of jurisdiction. He also argues that the administrative judge erred by not sanctioning the agency for failing to submit an agency file. *Id.* at 9. He does not explain how the agency's failure to submit an agency file harmed him. *See Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981) (an administrative judge's procedural error is of no legal consequence unless it is shown to have adversely affected a party's substantive rights). Moreover, we discern no harm because the agency filed a motion to dismiss, as well as a detailed close of record submission with

<u>The appellant was due to receive his WIGI to step 4 on November 30, 2014.</u>

¶7     On April 4, 2014, an initial decision in a prior Board appeal ordering the agency to grant the appellant a WIGI to step 2 retroactive to December 2, 2012, became the Board's final decision when neither party filed a petition for review. MSPB Docket No. DC-531D-13-1273-I-1, Initial Decision (Feb. 28, 2014); *see* 5 C.F.R. § 1201.113.  The appellant therefore was due to receive his WIGI to step 3 on December 1, 2013.  *See* 5 U.S.C. § 5335 (a)(1).  On May 23, 2014, the agency informed him of its decision to deny his WIGI to step 3.  IAF, Tab 21 at 19.  The appellant filed an appeal with the Board regarding the agency's denial of his WIGI to step 3 and, on December 29, 2014, the Board reversed the action and ordered the agency to retroactively grant him his WIGI to step 3.  MSPB Docket No. DC-531D-14-0587-I-1, Remand Order (Dec. 29, 2014).  The agency subsequently granted the step 3 WIGI retroactive to December 1, 2013.  IAF, Tab 21 at 61.  We therefore find that the appellant was due to receive his WIGI to step 4 52 weeks later on November 30, 2014.  *See* 5 U.S.C. § 5335(a)(1).

¶8     We reject the agency's assertion that it believed the appellant was not due to receive his WIGI to step 4 until May 23, 2015, because it did not inform him until May 23, 2014, of its decision to deny his WIGI to step 3.  *See* PFR File, Tab 1 at 5.  The agency is not permitted to extend the appellant's due date for a WIGI simply by delaying in informing him of its decision to deny it.  Notably, the agency does not claim that it properly delayed making an ALOC determination pursuant to 5 C.F.R. § 531.409(c)(1).  Rather, it cites 5 C.F.R. § 531.411, which relates to granting a WIGI after it has been withheld, and involves preparing a new rating of record and making a new ALOC determination.  IAF, Tab 21 at 5.  Section 531.411 does not support the agency's position, but rather makes clear that, when an agency withholds a scheduled WIGI, it "shall determine whether the employee's performance is at an acceptable level of competence after no more

numerous exhibits, both of which addressed the issues in this appeal and to which the appellant submitted responses.  IAF, Tabs 5, 7, 21-24.

than 52 calendar weeks following <u>the original eligibility date</u> for the within-grade increase." (emphasis added).

<u>The Board has jurisdiction over the instant appeal.</u>

¶9          An agency is required to make an ALOC determination as of the date a WIGI is due, and a failure to comply with this requirement is tantamount to a WIGI denial. *Martinesi v. Equal Employment Opportunity Commission*, <u>24 M.S.P.R. 276</u>, 280 (1984); *see* <u>5 U.S.C. § 5335</u>(c). The appellant's WIGI to step 4 was scheduled for November 30, 2014. There is no dispute that the agency did not make an ALOC determination prior to that date or for nearly 2 months thereafter. *See* IAF, Tab 5 at 4. We therefore find that the agency denied the appellant's WIGI, effective November 30, 2014.

¶10          An employee ordinarily is not entitled to appeal the denial of a WIGI to the Board unless he has first timely sought and received a reconsideration decision from the agency. <u>5 U.S.C. § 5335</u>(c). However, if an agency fails to comply with the statutory requirement that it inform an employee of his right to reconsideration of the WIGI denial, that failure is sufficient to allow the Board to assume jurisdiction and to adjudicate the appeal on its merits. *Martinesi*, 24 M.S.P.R. at 280. In the instant case, the agency failed to notify the appellant of his right to request reconsideration on November 30, 2014, the date his WIGI was denied. We find that this is sufficient for us to assume jurisdiction. That the appellant failed to respond to the agency's belated notification of the right to request reconsideration does not relieve us of jurisdiction. *Cf. Hagan v. Department of the Army*, <u>99 M.S.P.R. 313</u>, ¶ 6 (2005) (the Board's jurisdiction is determined by the nature of an agency's action when an appeal is filed).

¶11          Based on the foregoing, we must remand this appeal for further adjudication. Although we find that the appellant was denied a scheduled WIGI, we make no finding as to whether that denial was otherwise proper. In his petition for review, the appellant makes numerous arguments regarding the merits

of his appeal and his whistleblower affirmative defense.[5]  PFR File, Tab 1 at 17-29.  Those issues will be addressed on remand.

## ORDER

For the reasons discussed above, we REMAND this case to the Washington Regional Office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:          _____
         William D. Spencer
         Clerk of the Board

Washington, D.C.

---

[5] The appellant contends that the administrative judge erred by rejecting evidence regarding the validity of his performance plan on the ground that it was untimely filed. PFR File, Tab 1 at 5.  The appellant has not identified with specificity the evidence he attempted to introduce and proffers no argument that the allegedly rejected evidence was timely filed.  The record does indicate that the administrative judge rejected evidence the appellant submitted on timeliness grounds, but does not identify the specific evidence.  IAF, Tab 31 at 1.  To the extent that this is the order to which the appellant is referring, we note that he filed a pleading, contained in the record, wherein he argued that his performance standards were invalid.  IAF, Tab 32 at 7-8.  In sum, we see no indication that evidence was improperly rejected and, in any event, the appellant has not been precluded from advancing the argument at issue.